Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 50370 | **DATE** | 3/13/2003 |
| **CASE TITLE** | EEOC vs. RENAISSANCE | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, Renaissance's motion to dismiss is denied.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| X | Notices mailed by judge's staff. | | MAR 13 2003 | 18 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 3-14-03 | |
| | | | date mailed notice | |
| /SEC | courtroom deputy's initials | | aw | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# MEMORANDUM OPINION AND ORDER

Plaintiff, U.S. Equal Employment Opportunity Commission ("EEOC"), brings this action seeking relief under the Americans with Disabilities Act ("ADA") to correct unlawful employment practices of defendant, Renaissance Roofing, Inc. ("Renaissance"). This action results from a charge against Renaissance filed with the EEOC by Kenneth Burton. Jurisdiction is proper under 28 U.S.C. § 1331. Renaissance moves to dismiss pursuant to Fed. R. Civ. P. 12 (b) (6) for failure to state a claim upon which relief can be granted.

A 12 (b) (6) motion is granted only when, taking all well-pleaded factual allegations in the complaint as true and drawing all reasonable inferences in favor of plaintiff, no set of facts could be proved entitling plaintiff to relief. See American United Logistics, Inc. v. Catellus Development Corp., No. 01-1711, 2003 WL 291890, * 3 (7th Cir. Feb.12, 2003). Renaissance argues the complaint is insufficient because "it does not allege that Burton's purported disability substantially limits one or more of his major life activities." (Def. Memo. p. 4) The complaint alleges in its preamble that Burton was "a qualified individual with a disability, mild mental retardation . . . ." (Compl. p. 1.) It further alleges Burton was subjected to harassment and discharged and not recalled on account of his disability. (Id. ¶ 8) These allegations are sufficient to state a claim. Federal pleading requirements must "simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002) quoting, Conley v. Gibson, 355 U.S. 41, 47 (1957). The complaint is clear that the claim is that Burton was harassed, discharged and not recalled because of his mental retardation. If Renaissance believes it is essential to know what major life activity is substantially impaired by Burton's retardation in order to file an answer, it can seek a more definite statement under Fed. R. Civ. P. 12 (e). See Id. at 514. If Renaissance believes this claim lacks merit, summary judgment is the means to address unmeritorious claims. Id.

Because the complaint gives Renaissance fair notice of the claim against it, Renaissance's motion to dismiss is denied.